# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ZACHARY T. ROSENBARGER**
Wuertz Law Office, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**WILLIAM T. NIEMIER**
New Palestine, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TEQUITA RAMSEY,                              )
                                             )
    Appellant-Plaintiff,             )
                                             )
        vs.               )    No.  49A02-1209-CC-705
                                             )
LIGHTNING CORPORATION,                       )
                                             )
    Appellee-Defendant.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David A. Shaheed, Judge
Cause No. 49D01-1004-CC-19405

**July 2, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case of first impression, we are confronted with the issue on interlocutory appeal as to whether the trial court abused its discretion in ordering the temporary decertification of a class, in an action brought by appellant-plaintiff Tequita Ramsey against the appellee-defendant Lightning Corporation, d/b/a First Class Car Company (Lightning). Ramsey claimed that she had the right to maintain a class action suit to recover vehicle document preparation fees that Lightning charged. Ramsey asserts that the trial court erred in determining that she lacked standing to bring her lawsuit as a class action, that the class was improperly decertified, and that she could not be a representative of the class.

Notwithstanding these contentions, Indiana Trial Rule 23 contemplates that a class action certification is subject to change before a decision is made on the merits. And there is nothing in the rule altering this standard when the trial court conditionally certifies a class action. Here, the evidence established, among other things, that Ramsey is not a member of the defined class, and therefore may not serve as a class representative. Thus, we cannot say that the trial court erred in decertifying the class. As a result, we affirm the trial court's judgment.

## FACTS

On June 27, 2009, Ramsey agreed to purchase a vehicle from Lightning for $1,791.40. The price included $1320 for the vehicle, $92.40 in sales tax, a "doc fee" of $199, and a warranty in the amount of $180. Ramsey paid $1400 to Lightning at the time of the sale and agreed to make payments on the remaining $391.40.

2

Shortly after Ramsey drove the vehicle from the lot, she returned to Lightning that same day because she was having mechanical difficulties with the car. Although Ramsey requested a refund, Lightning refused to return her money.

Ramsey left the vehicle on the lot and subsequently filed a complaint in small claims court on May 28, 2010. After receiving several responses from Lightning, Ramsey amended her complaint to include a class action claim. Specifically, Ramsey alleged that Lightning charged a $199 document preparation fee on all of its sales in violation of Indiana Code section 9-23-3-6.5. This statute essentially provides that it is an unfair practice for an automobile dealer to require a motor vehicle purchaser to pay a document preparation fee unless certain conditions are met.[1] Ramsey alleged that these certain conditions were not satisfied here. In response, Lightning filed a counterclaim, seeking the unpaid balance of $391.40, pre-judgment interest, attorney fees, and costs.

Upon leave of the trial court, Ramsey filed an amended complaint and a motion for class certification. The trial court conducted a hearing on Ramsey's motion for class

---

[1] At the time of the transaction, Indiana Code section 9-23-3-6.5 provided: "It is an unfair practice for a dealer to require a purchaser of a motor vehicle as a condition of the sale and delivery of the motor vehicle to pay a document preparation fee, unless the fee:

(1) reflects expenses actually incurred for the preparation of documents;

(2) was affirmatively disclosed by the dealer;

(3) was negotiated by the dealer and the purchaser;

(4) is not for the preparation, handling, or service of documents that are incidental to the extension of credit; and

(5) is set forth on a buyer's order or similar agreement by a means other than preprinting.

3

certification on January 12, 2012. The trial court admitted Lightning's discovery responses into evidence, which demonstrated that the same document preparation fee was charged on every sale and that Lightning made nearly one hundred sales per year.

Ramsey appeared at the hearing and testified about her appointment as class representative. After taking the matter under advisement for nearly six weeks, the trial court certified the class and appointed Ramsey as class representative on February 27, 2012. The certified class was defined as "any natural person who purchased a vehicle from Lightning in the preceding six years, and who paid a document preparation fee." Appellant's App. p. 71-73. The trial court ordered Lightning to provide a class list within two weeks of the date of the order.

Lightning neither produced the class list nor took any affirmative action, for over two months. Thereafter, Lightning filed a motion to modify the class certification order. Lightning argued that Ramsey could not be an appropriate class representative because the $1400 that Ramsey actually paid toward the purchase price of $1791.40 did not include the portion due and owing for the $199 document preparation fee at issue. However, Ramsey asserted that Trial Rule 23 does not allow temporary decertification and that Ramsey remained an appropriate class representative.

At the conclusion of a hearing on the motion that commenced on August 3, 2012, the trial court ordered that the class be temporarily decertified. The trial court stated on the record that "[t]he issue with respect to class, document preparation fees and whether those are appropriate, you know, I don't know how, you know, the Defendant does

4

business, but from my experience, I think most car dealers are doing the same thing." Appellant's App. p. 156.

Despite what the trial court stated at the hearing, it did not issue a written order that "temporarily decertified" the class. Instead, the trial court's written order denied the motion for class certification. The written order appeared to relate back to the original class certification hearing that was conducted in January 2012, where it was stated that "this matter came before the Court upon a motion for class action . . . ." Appellant's App. p. 7.

Ramsey then filed a motion to correct error, seeking to have the trial court clarify the apparent conflict between its oral statement on the record and the written order. The trial court did not clarify either of its orders in a prompt matter, and because Ramsey is concerned that her options for redress could be limited depending on how the trial court construes the allegedly conflicting orders, Ramsey brings this interlocutory appeal.

## DISCUSSION AND DECISION

Ramsey maintains that the trial court misinterpreted the law when it decertified the class. More specifically, Ramsey maintains that the trial court erroneously determined that the document preparation fee of a vehicle is not an appropriate issue for class action litigation. Ramsey further contends that she has standing to be the class representative in this matter because, regardless of whether the $199 document preparation fee was included in the amount she already paid to Lightning, she has been sued for the remaining balance due under the sales agreement.

5

In resolving this issue, we note that the determination of whether an action is maintainable as a class action is committed to the trial court's sound discretion. JK Harris & Co., LLC v. Sandlin, 942 N.E.2d 875, 885 (Ind. Ct. App. 2011), trans. denied. In reviewing the trial court's ruling, we employ an abuse of discretion standard, unless there is a misinterpretation of the law. Id.; see also Assoc. Med. Networks, Ltd. v. Lewis, 824 N.E.2d 679, 682 (Ind. 2005). In determining whether an abuse of discretion occurred, we will not reweigh the evidence and consider only the evidence most favorable to the trial court's determination and all the reasonable inferences to be drawn therefrom. McCart v. Chief Exec. Officer in Charge, Indep. Fed. Credit Union, 652 N.E.2d 80, 83 (Ind. Ct. App. 1995). We will affirm the trial court's ruling if there is substantial evidence to support it. JK Harris & Co., 942 N.E.2d at 885.

Indiana Trial Rule 23C(1) states in part that "[t]he court, upon hearing or waiver of hearing, shall determine by order whether [a class action] is to be so maintained. An order under this subdivision may be conditional and may be altered or amended before the decision on the merits." A companion rule, Trial Rule 23(D) states that

> [i]n the conduct of actions to which this rule applies, the court may make appropriate orders:
>
> > (1) Determining the course of proceedings . . .
> >
> > (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to

6

intervene and present claims or defense, or otherwise to come into the action;

(3) imposing conditions on the representative parties or on intervenors;

. . .

(5) dealing with similar procedural matters.

The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time. . . .

Although we have not found a case directly on point in support of Lightning's argument, Trial Rule 23 supports the conclusion that the trial court may amend, alter, modify and even revoke or rescind a previous order certifying a class. In our view, there is no logical reason to hold that the trial court may never revoke or rescind such an order. To hold otherwise would mean that once a class action is certified, the class cannot be later decertified, even if subsequently discovered facts and evidence suggest the class should not have been certified in the first instance.

Nonetheless, Ramsey argues that the trial court is prohibited from decertifying a class that has been previously certified without first providing notice to all class members. However, to the extent that Indiana Trial Rule 23 contemplates providing notice to all class members or potential unnamed class members upon the dismissal of a class action, we note that notice of the decertification of the class in this instance could not be accomplished because such a list had not been prepared.

Indeed, the record demonstrates that Lightning does not have the information or ability, without imposing an undue hardship and burden upon it, to prepare the list of

7

class members as required by the order that certified the class.  Appellant's App. p. 65-69.  More specifically, Ramsey requested the trial court to certify a class consisting of:

    a.  All natural persons;

    b.  Who purchased a motor vehicle from Lightning . . .

    c.  Who paid a document preparation fee that violated I.C. § 9-23-3-5; and

    d.  who did so on or after a date six (6) years prior to this filing.

Appellant's App. p. 66.

Had the issue of preparing a class list been addressed prior to the decertification of the class, Lightning could have explained that it has business records regarding prior vehicle sales, but not for six years before the date that Ramsey purchased her vehicle from Lightning.  Id. at 84.  Prior to the hearing on Ramsey's motion for class certification, Lightning was not requested to prepare a list of its prior customers and it had no notice that any such request would be made.  Moreover, the requirement for Lightning to prepare such a class list was not discussed during the hearing on January 12, 2012, which concerned Ramsey's motion for class certification.

It was also established that Lightning's counsel contacted Ramsey's attorney and explained why Lightning could not produce a complete list of class members.  Appellant's App. p. 79.  Lightning offered to resolve this matter by permitting Ramsey, or any representative, to inspect Lightning's business records at its place of business to enable her to prepare a customer list.  However, Ramsey refused Lightning's offer.  Id. at 135, 149.  As a result, no list of class members or potential class members exists, and the

8

trial court could not have provided notice to such persons of the decertification of the class.

We also note that the trial court granted Ramsey's request and issued an order defining the class exactly as she had requested. The "class" consists of only those individuals who actually "paid" a document preparation fee in alleged violation of Indiana Code section 9-23-3-6.5. However, Ramsey is not a member of the class as she defined it. Indeed, Ramsey has not paid a document preparation fee in the underlying transaction. As a result, the trial court properly concluded that Ramsey lacked standing to serve as the class representative.

However, even though Ramsey did not satisfy the above requirements, Ramsey directs us to Schloss v. City of Indianapolis, 553 N.E.2d 1204 (Ind. 1990), for the proposition that she has standing to serve as the representative of the class because she is in "immediate danger of sustaining some direct injury as a result of the conduct at issue." Appellant's Br. p. 16. However, Schloss is distinguishable from the instant case.

In Schloss, the parties stipulated that the plaintiff, as an individual customer, would suffer a direct injury as a result of excessive franchise fees that were paid for cable television. Standing was found based on the parties' stipulation. 553 N.E.2d at 1206. Even more compelling, a federal statute granted Schloss standing. Id.

Neither of these factors existed here. Rather, Ramsey states that because Lightning filed a counterclaim seeking the unpaid balance of $391.40, she is in immediate danger of paying this amount and that she should be presumed to have paid

this amount or the items for which this amount would cover as if she had actually paid those fees. In our view, Ramsey's argument is only speculative. Ramsey should not be permitted to breach her contract with Lightning by failing to pay the amounts required under the purchase documents, and then when Lightning sues her for non-payment, be conferred the rights and benefits as if she had satisfied her obligations under the contract.

We further note that in Bowen v. Sonnenburg, 411 N.E.2d 390 (Ind. Ct. App. 1980), a guardian ad litem over one or more patients in a state hospital lacked standing to represent a class of patients who sought compensation for services that they provided within such institutions. More particularly, it was determined that the trial court erred in permitting the guardian ad litem to intervene as a class representative. Id. at 396. It was observed that "since [the guardian ad litem] is clearly not a member of the proposed class of patient-workers, he was otherwise ineligible to participate as a party plaintiff in the cause." Id.

It is apparent that the trial court applied the same rationale and reached the same conclusion here. Ramsey is not a member of the defined class, and she therefore may not serve as a class representative.

In sum, the facts and arguments presented at the August 2, 2012 hearing upon Ramsey's motion to compel and Lightning's motion to modify, and the reasonable inferences to be drawn therefrom, establish that the trial court acted within its discretion in determining the class could be decertified and that Ramsey lacked standing to serve as

10

the class representative.  For all these reasons, we affirm the trial court's judgment in decertifying the class.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.